8AO 91 (REV.5/85) Criminal Complaint  AUSA Juliet S. Sorensen (312) 886-8027

# UNITED STATES DISTRICT COURT

__NORTHERN__ DISTRICT OF __ILLINOIS, EASTERN DIVISION__

UNITED STATES OF AMERICA

v.

THOMAS MILLER

FILED
DEC 2 2005
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

05 CR 974

CRIMINAL COMPLAINT

MAGISTRATE JUDGE SCHENKIER

CASE NUMBER:

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief.

On or about <u>October 3, 2005</u> in <u>Cook County</u>, in the Northern District of Illinois, the defendant knowingly possessed images of child pornography as defined in Title 18, United States Code, Section 2256(8)(A), namely a video file entitled "Young 13-14-15 Old Girls Lolita Incest Porno Underage Illegal.mpg.avi"; a computer image file entitled "103.jpg"; a computer image file entitled entitled "HotBurn_Jul11_02-73486826\0xtw0s.jpg"; a computer image file entitled "HotBurn_Jul11_02-734846826/4g158k.jpg"; and a computer image file entitled "full05.jpe," all of which were mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer,

in violation of Title __18__ United States Code, Section(s) __2252A(5)(b)__.

I further state that I am a <u>Special Agent, Department of Homeland Security, Immigrations and Customs Enforcement,</u> and that this complaint is based on the following facts:

See attached Affidavit.

Continued on the attached sheet and made a part hereof: __X__ Yes __ No

_____
Steven Poniatowski, Special Agent, ICE
Signature of Complainant

Sworn to before me and subscribed in my presence,

December 2, 2005    at    Chicago, Illinois
Date                       City and State

SIDNEY I. SCHENKIER, U.S. Magistrate Judge
Name & Title of Judicial Officer

Signature of Judicial Officer

STATE OF ILLINOIS )
                              )     SS
COUNTY OF COOK )

1.     I, Steven Poniatowski, Special Agent with U.S. Immigration and Customs Enforcement (ICE) under the Department of Homeland Security, being duly sworn under oath states as follows:

2.     I am a Special Agent with U.S. Immigration and Customs Enforcement (ICE) under the Department of Homeland Security and its' predecessor agency U.S. Customs, and have been so for approximately 5 years.

3.     As a Special Agent, I received training at the Federal Law Enforcement Training Center in Glynco, Georgia, in the use of computers and in the investigation of the use of the Internet involving the exploitation of children. Prior to my current employment I served as a Deputy Sheriff with the Oakland County Sheriff's Department in Michigan. As part of my daily duties as an ICE Agent, I investigate criminal violations relating to child exploitation and child pornography including violations pertaining to the illegal production, distribution, receipt and possession of child pornography, in violation of 18 U.S.C. Sections 2252 and 2252A. I have received training in the area of child pornography and child exploitation and have had the opportunity to observe and review numerous examples of child pornography (as defined in 18 U.S.C. Section 2256) in all forms of media including computer media. I have also participated in the execution of approximately twenty-two search warrants that have involved child exploitation and/or child pornography offenses.

4. The information contained in this affidavit is based upon my personal knowledge, training, experience, and communications with other law enforcement officers and individuals who have personal knowledge of the events and circumstances described herein.

5. This affidavit is submitted for the limited purpose of establishing probable cause in support of a criminal complaint and arrest warrant and does not contain all the details or facts I know about this investigation or all of the information obtained during the course of the investigation.

## Factual Basis Supporting Probable Cause

6. In 2003, a federal taskforce in Newark, New Jersey, launched an investigation of individuals and corporations involved in the production and distribution of Child Pornography through websites on the Internet. The investigation showed that on 03/27/2003, a credit card issued to Thomas Miller was used to purchase access to an Internet website that provided images of child pornography for subscribers. This website was part of an undercover investigation into the activities of RegPay. RegPay was a credit card processing company that also provided child pornography websites to subscribers.

7. Among the websites was one identified as www.lust-gallery.com. This website was the target of an undercover purchase on March 26, 2003. On this date a federal agent acting in an undercover capacity purchased a one month membership. A password and a member URL were provided to the agent. Using this information, the undercover agent accessed the website and downloaded images of children engaged in

sexually explicit conduct. Contained on the website were numerous pictures depicting minor females in various poses and states of undress.

8. A review of billing records of Thomas Miller revealed that on 03/31/2003, a charge of $57.90 appeared billed to Iserve, the name used by RegPay on its bank account.

9. As part of the registration process for the RegPay (Iserve) websites, a subscriber had to fill out personal information. For the 03/27/2003 purchase, Thomas Miller provided his name, a Chicago address, and phone number. These records were consistent with Secretary of State information as well as commercial database records containing Thomas Miller's address at that time.

10. Further checks with the U.S. Postal Service and the Illinois Secretary of State revealed that Miller later moved to 2905 Central St. Unit #2, Evanston, IL 60201-1223.

11. On 10/03/2005, a consent search and interview was conducted at the residence of Thomas Miller by Special Agents of Immigration and Customs Enforcement. Miller consented to a search of his residence, agreed to make statements to the agents, and also allowed agents to remove two computers—an older computer which was in Miller's closet and a newer computer which he used--from his residence. Miller identified the computers as his property and said that he exercised exclusive control over them.

12. During the interview, Miller confirmed that the purchase data provided in the 03/27/2003 purchase of www.lust-gallery.com was correct, and did not dispute the transaction.

13. On 10/04/2005, a Computer Forensic Agent conducted a Computer Forensic Preview of Miller's older computer for images of child pornography, and recovered approximately 30 images of child pornography. These images featured female adolescents who, in the opinion of the undersigned agent, appeared to be minors, exposing their genitals in a lewd and lascivious manner. Some of the images depicted sexual penetration of a female adolescent. Also recovered were search terms used for Kazaa. Kazaa is a peer to peer Internet sharing utility. This program allows users to seek out and find files of any kind on other users' computers. These can be video, audio, text or any other kind of data. This is a decentralized system whereby users' own computers are the actual repository of the data. The information sought is retrieved directly from the computer of another user. The search terms that were recovered from Miller's computer included several terms that related to child pornography such as "pedo", "Lolita", "pre-teens" and "photo's by Carl". "Photo's by Carl" is a term that relates to a known series of images of child pornography of an actual minor.

14. On 11/03/2005, Miller was interviewed again by ICE agents. At the meeting, Miller stated that he discovered images of child pornography on his computer "several years ago" while searching for "nudist" or "naturist" images. Miller said that he used Kazaa as a means of acquiring images but that he removed it once he realized that he may have been distributing child pornography. Miller stated that he never used the images of child pornography for sexual gratification and only sought them out because of curiosity. Miller added that this curiosity was the result of news coverage of a celebrity's involvement with child pornography. Miller said that after "less than a year," he quit looking at or searching for images of this nature. Miller advised that he did this because

4

he realized that it would "look bad" for someone in "his position" was found to have involvement in child pornography. Miller was referring to his job as a teacher at Wilmette Junior High School.

15. Finally, Miller added that his online activity for the past two years did not involve Child Pornography.

16. A second computer forensic preview was conducted the next day, 11/04/2005, on the newer computer. Five files were recovered on the computer that contained child pornography. Some of these had been accessed as recently as late September, 2005. These images of child pornography depicted adolescent females in lewd and lascivious displays of their genitals. The following files were recovered on the computer:

(a) A video file entitled Young 13-14-15 Old Girls Lolita Incest Porno Underage Illegal.mpg.avi," of a blonde female minor who appeared to be approximately 10 years old performing oral sex on an adult penis. This file was located in at "D/Documents and Settings/Thomas Miller/My Documents/My Music/Fonts/," and was last accessed on 06/27/2005 at 10:22:45 PM, according to forensic information recovered from the computer.

(b) A still image entitled "103.jpg" located in "D/Documents and Settings/ Thomas Miller/My Documents/My Music/Doc Tunes/". This image was last accessed on 09/26/2005 at 11:08:35 PM, according to forensic information recovered from the computer. This image depicts a female adolescent approximately 12 years of age seated on a blanket displaying her vagina and breasts.

(c) A still image entitled "HotBurn_Jul11_02-73486826\0xtw0s.jpg" located within the "My Documents/My Pictures/Thomas Miller" file. This file was last accessed on 09/23/2005 at 10:52:38 PM, according to forensic information recovered from the computer. The image depicts two female adolescents in an outdoor setting. One of the females is reclining on the ground while the other is touching her hair. Both females are naked and displaying their genitalia. Based on my training and expertise, these females appear to be approximately 10 years of age.

(d) A still image entitled "HotBurn_Jul11_02-734846826/4g158k.jpg" located "My Documents/My Pictures" folder within the "Thomas Miller" file. This file was last accessed on 09/23/2005 at 10:52:38 PM, according to forensic information recovered from the computer. This image depicts four female adolescents between the approximate ages of 11 and 14 lying naked on a beach. Their vaginas and breasts are displayed.

(e) A still image entitled "full05.jpe" located in the "My Documents/ My Videos" folder within the "Thomas Miller" file. This file was last accessed on 11/21/2004 at 11:19:33 PM, according to forensic information recovered from the computer. This image shows three naked adolescent females in an outdoor setting with a seated nude adolescent female seated between two standing adolescent females. The seated female is touching the other two girls. Based on my training and expertise, the females are between the approximate ages of 14 to 16 years of age.

17. Additionally, 32 images of child pornography were recovered from the hard drive. These were deleted images but could be recovered forensically. These

images depicted adolescent females displaying their genitalia and or touching sexual organs of adults and being penetrated by an adult penis.

### Conclusion

18. Based on the above information, your affiant submits that there is probable cause to believe that Thomas Miller committed violations of 18 U.S.C. Sections 2252 and 2252A, which among other things, make it a crime to possess child pornography that has traveled in interstate commerce by computer.

Further Your Affiant Sayeth Not.

_____
Steve Poniatowski, Special Agent
DHS-Immigration and Customs Enforcement (ICE)

Subscribed and sworn before me,

this 2nd of December, 2005
_____
Sidney I. Schenkier
United States Magistrate Judge

7